# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MIRASOLES PRODUCE USA, LLC ) <br> 319 E. Coma Avenue, Suite 474 ) <br> Hidalgo, TX 78557 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SANCHEZ FARMS ) <br> Attn: Manager or Owner ) <br> 1800 Park Avenue ) <br> Dallas, TX 75215 ) <br> ) <br> and ) <br> ) <br> ELIZABETH RAYAS ) <br> 1800 Park Avenue ) <br> Dallas, TX 75215 ) <br> ) <br> Defendants. ) <br> ) <br> ) | CIVIL CASE NO.: |

## COMPLAINT

Plaintiff Mirasoles Produce USA, LLC ("Plaintiff" or "Mirasoles") brings this civil action against Defendants Sanchez Farms and Elizabeth Rayas (collectively, "Defendants") for damages and equitable relief and alleges as follows:

### I. JURISDICTION

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i). This Court

1

is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II. VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III. PARTIES

3.     Plaintiff Mirasoles is a Texas limited liability company with its principal place of business in Hidalgo, Texas and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide through interstate commerce. At all times relevant herein, Mirasoles held federal produce license number 20090839 from the U.S. Department of Agriculture/ PACA branch in good and active standing.

4.     Defendant Sanchez Farms is a Texas business entity with its principal place of business in Dallas, Texas (Dallas County). Sanchez Farms was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Texas and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA").  At all times relevant herein, Sanchez Farms either held a federal produce license from the U.S. Department of Agriculture/PACA Branch or was subject to licensing.

5.     Individual Defendant Elizabeth Rayas ("Individual Defendant") is or was an owner, officer, director, and/or at least 10% shareholder of Sanchez Farms during the relevant time period, making her "responsibly connected" under PACA. The Individual Defendant is or was a person in control of, and responsible for, the day-to-day operations of Sanchez Farms and the disposition of

Sanchez Farms' assets, including its PACA trust assets. The Individual Defendant is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

6. Prior to filing the instant lawsuit, Plaintiff made demand to Defendants for payment, and there was no payment issued.

## IV. CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT SANCHEZ FARMS

### (Failure to Maintain PACA Trust)

7. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

8. At Sanchez Farms' request, Plaintiff sold, on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendant, as set forth in the following table:

| **Plaintiff** | **Dates of Transactions** | **Commodities** | **Total Amount Sold** | **Amount[1] Unpaid** |
|---|---|---|---|---|
| Mirasoles | November 2021 to February 2022 | Fresh Fruits and Vegetables | $33,568.75 | $33,568.75 |

9. Plaintiff duly delivered the perishable agricultural commodities to Sanchez Farms.

10. Sanchez Farms received and accepted the perishable agricultural commodities from Plaintiff.

---

[1] Plus, accruing interest at 1.50% per month and attorney fees and costs.

11. Pursuant to the payment terms between the parties, Sanchez Farms is in default with respect to the principal amount of $33,568.75 outstanding to Plaintiff. *See,* Statement of Account attached hereto and incorporated herein as Exhibit 1.

12. Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Sanchez Farms to Plaintiff.

13. Sanchez Farms has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

14. On each of the outstanding invoices sent by the Plaintiff to Sanchez Farms, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

15. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

16. Upon information or belief, Sanchez Farms has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

17. The failure of Sanchez Farms to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities

until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

18.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19.     Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by Sanchez Farms and the Individual Defendant for other purposes.

20.     On each of the outstanding invoices sent by Plaintiff to Sanchez Farms and the Individual Defendant, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensees to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

21.     Upon information and belief, Sanchez Farms and the Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

22.     As a direct result of the dissipation of trust assets by Sanchez Farms and the Individual Defendant, Plaintiff has suffered damages.

## COUNT III

## DEFENDANT SANCHEZ FARMS

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))

23. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

24. Sanchez Farms has failed and refused, without reasonable cause, to account and make full payment promptly of $33,568.75 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

25. The failure and refusal of Sanchez Farms to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

26. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27. Upon information and belief, between November 2021 and February 2022, the Individual Defendant managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

28. Upon information and belief, Sanchez Farms and the Individual Defendant received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices but were not.

29. Upon information and belief, Sanchez Farms and the Individual Defendant, in breach of her fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499(b)(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

30. As a direct result of the foregoing, Sanchez Farms and the Individual Defendant have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

### DEFENDANT SANCHEZ FARMS

**(Breach of Contract for Unpaid Invoices / Action on Account)**

31. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

32. Between November 2021 and February 2022, Sanchez Farms contracted with Plaintiff to purchase fresh produce on credit.

33. Plaintiff faithfully performed all aspects of the contract, with Sanchez Farms receiving and accepting all the produce.

34. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Sanchez Farms is in default to Plaintiff on all amounts unpaid and outstanding.

35. Sanchez Farms breached the contract by failing and refusing to pay the principal sum of $33,568.75 to Plaintiff despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI

## ALL DEFENDANTS

**(Interest and Attorney Fees)**

36. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

37. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Sanchez Farms and the Individual Defendant were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

38. As a result of the failure of Sanchez Farms and the Individual Defendant to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

39. As a result of the failure of Sanchez Farms and the Individual Defendant to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

40. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amount owed, all because of violations by Sanchez Farms and the Individual Defendant of their statutory duties to maintain the trust and make full payment promptly.

41. In addition to the above recitals, Plaintiff maintains express claims for interest and attorney fees based upon the terms of sale listed on each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c)(2).

42. In addition to the above recitals, Plaintiff also maintains claims and rights for attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, with presentment of the claims having duly been made.

**WHEREFORE**, Plaintiff Mirasoles Produce USA, LLC respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Mirasoles Produce USA, LLC and against Defendants Sanchez Farms and Elizabeth Rayas, jointly and severally, in the principal amount of $33,568.75 together with pre- and post-judgment interest at the parties' contractual rate and the costs of this action;

b. declaring and directing all Defendants to establish and/or preserve the PACA trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $33,568.75 plus pre- and post-judgment interest at the parties' contractual rate plus attorney fees and costs of this action;

c. enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

  d.  declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

  e.  granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: June 7, 2022.          Respectfully submitted,

                  *s/ Mark A. Amendola*
                  MARK A. AMENDOLA
                    OH Bar ID No.: 0042645
                    Admitted to N.D. Texas
                  MARTYN AND ASSOCIATES CO.
                  820 W. Superior Avenue, Tenth Floor
                  Cleveland, Ohio 44113
                  Telephone: (216) 861-4700
                  Facsimile: (216) 861-4703
                  Email: mamendola@martynlawfirm.com

                  Attorney for Plaintiff Mirasoles Produce USA, LLC