IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRASOLES PRODUCE USA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1240-E |
| | § | |
| SANCHEZ FARMS and ELIZABETH | § | |
| RAYAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mirasoles Produce USA, LLC has filed a motion for attorneys' fees and costs, *see* Dkt. No. 29, which United States District Judge Ada Brown has referred to the undersigned United States Magistrate Judge for findings, conclusions, and recommendation, *see* Dkt. No. 31.

For the following reasons, the motion should be granted in part and denied in part.

**Background**

This is a trust enforcement action under the Perishable Agricultural Commodities Act ("PACA"). *See* Dkt. No. 1; 7 U.S.C. § 499e(c).

The Court entered default judgment against Defendants Sanchez Farms and Elizabeth Rayas and granted Mirasoles leave to file a motion for attorneys' fees. *See* Dkt. No. 27.

Mirasoles then filed the pending motion for attorneys' fees and costs. *See* Dkt.

No. 29.

## Legal Standards

Where, as here, a party seeks to recover attorneys' fees as authorized by

contract,

> [r]easonable attorneys' fees are determined through a two-step process.
> The district court must first calculate the lodestar – the number of
> hours reasonably expended multiplied by the prevailing hourly rate in
> the community for similar work. The lodestar is presumed reasonable,
> but the court may then enhance or decrease it after considering the
> twelve *Johnson* factors. [T]he most critical factor in determining a
> reasonable fee 'is the degree of success obtained.'
> [T]he fee applicant bears the burden of establishing entitlement to an
> award and documenting the appropriate hours expended and hourly
> rates. But once calculated, the party seeking modification of the
> lodestar under the *Johnson* factors bears the burden.

*Fessler v. Porcelana Corona De Mex., S.A. DE C.V.*, 23 F.4th 408, 415-16 (5th Cir.

2022) (cleaned up).

And the Court also may use its own expertise and judgment to make an

appropriate independent assessment of the hourly rates charged for the attorneys'

services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th

Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL

1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the

reasonableness of attorneys' fees).

Further, "[i]f a party does not object to particular billing entries as

inadequately documented, the court is not obligated *sua sponte* to sift through fee

records searching for vague entries or block billing. It is a common practice for courts

to address only those potentially inadequate entries brought to the court's attention."

*Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at \*5 (N.D. Tex. July 1, 2015).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at \*2-\*3 (N.D. Tex. Dec. 5, 2013).

But the United States Court of Appeals for the Fifth Circuit, in a subsequent published opinion, rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

-3-

[w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.' "). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....

And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....

In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95; *see also Rodney v. Elliot Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (per curiam).

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. The analysis below will consider the necessary factors when determining the appropriate amount of attorneys' fees to be awarded.

And, in the end, this Court "must provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th

Cir. 2017) (cleaned up). So "rulings on fee awards need not be so excruciatingly explicit that those decisions consume more paper than did the cases from which they arose." *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (cleaned up). Instead, this Court's "analysis [must be] complete enough for [the Fifth Circuit] to review whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation." *Id.* (cleaned up).

## Analysis

PACA does not expressly require an award of attorneys' fees. But the PACA trust provision states that PACA trust assets must be held for the benefit of all unpaid sellers "until full payment of the *sums owing in connection with such transactions* has been received" by the sellers. 7 U.S.C. § 499e(c)(2) (emphasis added).

The Fifth Circuit interprets the phrase "sums owing in connection with" as allowing an award of attorneys' fees related to collection efforts when such fees are included in the sales contract between the PACA buyer and seller. *See Iscavo Avocados USA, L.L.C. v. Pryor*, 953 F.3d 316, 319 (5th Cir. 2020) (citing *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007); *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1222-24 (9th Cir. 2002) (discussing plain meaning and legislative history of statute)).

According to the Fifth Circuit, the phrase "sums owing in connection with" is "broad" and "unambiguously encompasses not just the contract price for the delivered agricultural commodities but also all sums the buyer owes in connection

-5-

with that transaction." *Id.* "Attorneys' fees a seller incurs in seeking to collect on an unpaid invoice are necessarily incurred in connection with the transaction memorialized by the invoice. And when the seller agrees to pay those fees in the same invoice, the fees are 'owed in connection with' the transaction.'" *Id.* at 319-20.

> Mirasoles' unpaid invoices provide for the recovery of attorneys' fees and costs:

> Buyer agrees to pay interest of 1 ½% per month on the unpaid balance and all collection costs including attorney's fees shall be considered sums owed in connection this transaction under PACA trust.

Dkt. Nos. 13-2 and 21.

And, so, Mirasoles has established a contractual right to recover its attorneys' fees and costs under PACA.

Mirasoles seeks an award of $19,058.75 in attorneys' fees, which represents 48.25 hours of attorney work at a $395 hourly rate, and $734.30 in costs for attempting to collect the unpaid amounts over a twenty-two month time period from May 2022 through February 2024.

The request for attorneys' fees and costs is supported by the Declaration of Mark A. Amendola. *See* Dkt. No. 30 at 3-5. Mr. Amendola is Senior Litigation Counsel in the law firm of Martyn and Associates Co. in Cleveland, Ohio. He has 35 years of experience. Since 1996, he has limited his practice to federal court litigation representing corporate clients who have trust claims under PACA.

Mr. Amendola's Declaration is supported by billing records that include a narrative of the work done and the number of hours that it took to complete the work. *See id.* at 7-24. Mr. Amendola explains that more time than usual was

expended serving the defendants with the summons and complaint because defendants were transient between and within produce terminals in Dallas. He also states that significant time was spent on tasks to comply with the Court's March 28, 2023 Order, including obtaining revised proofs of service from the process server, renewing the request for entry of judgment, and re-filing the motion for default judgment.

The undersigned finds that the legal services rendered in this case were reasonable and necessary.

Mr. Amendola states that his hourly rate is consistent with or below rates charged by other attorneys with his years of experience as a practicing attorney in a specialty field of federal court litigation.

The undersigned finds that the requested rates are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area.

The undersigned therefore finds the appropriate lodestar here to be calculated as Mirasoles requests for an award of $19,058.75 in attorneys' fees.

Mirasoles also seeks an award of $734.30 in costs.

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir.

2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 provides that a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from [28 U.S.C.] § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997,

2006 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.* The Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up).

Mirasoles seeks costs for process server fees, local counsel, filing fees, photocopies, postage, PACER, and computerized docket research. The requested costs for process servers ($130), local counsel ($154.40) and computerized docket research ($13.20) are not included in costs recoverable under Section 1920. And, so, the requested amount of $734.30 should be reduced by $297.60 ($130 + $154.40 + $13.20) and Mirasoles should be awarded $436.70 in recoverable costs.

## Recommendation

The Court should grant in part and deny in part Plaintiff Mirasoles Produce USA, LLC's Motion for Attorney Fees and Costs [Dkt. No. 29] and award Plaintiff $19,058.75 for attorneys' fees and $437.60 for costs, for a total recovery of attorneys' fees and costs of $19,495.45.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE